IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

DEBTOR: LARRY D. DILLARD     *     CHAPTER 13 CASE
    SS#XXX-XX-3811     *     NUMBER:
      DARLENE DILLARD     *
    SS#XXX-XX-5257     *     __13-30073____

## CHAPTER 13 PLAN

1.    The future earnings of the Debtors are submitted to the supervision and control of the Trustee and the Debtors shall pay to the Trustee the sum of $300.00 every week from the paycheck of Larry D. Dillard, though his employer at Ostrom Boiler Service, 2124 Hudson Dr., Lilburn, Ga. 30047 by deducting the same from his paycheck. (If the payments change over time include the following). The Debtor Darlene Dillard will contribute the sum of $300.00 from each payment she receives from the Cherokee Nation.

2.    From the payments so received, the Trustee shall make disbursements as follows:

(a) The Trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long term debts: (payments which become due after the filing of the Petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |

( c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim. Debtor has calculated this payments for one month.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| Ally | $400.00 |
| Ford Motor Credit Company | $300.00 |
| GE Consumer Credit Company | $35.00 |
| Rusty Repp | $50.00 |
|  |  |

(d) The following claims are not subject to cram down because debts are secured by a purchase

money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | MONTHLY PAYMENT | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR AMOUNT | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Ally | $11,000.00 | $25,000.00 | 6.00% | 2006 Ford F-350 Super Duty | $322.47 |
| Ford Motor Credit Co. | $10,869.74 | $6,450.00 | 6.00% | 2005 Ford Expedition | $321.55 |
| GE Consumer Credit | $800.00 | $800.00 | 6.00% | Master Bedroom suite & Children's Furn. | $33.91 |
| Rusty Repp | $1,000.00 | $1,000.00 | 6.00% | Shipping Container | $42.10 |
| | | | | | |

(f) Attorney's fees of $3,000.00 of which $600.00 have been paid are ordered pursuant to 11 U.S.C. Section 507(a)(2) and in Pursuant to the Administrative Order of January 20, 2011.

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows

| NAME OF COLLATERAL CREDITOR | AMOUNT DUE | ESTIMATED VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| Homeward Residential | $5,431.17 | $150,000.00 | 6.00% | 1620 Etchison Spur, Loganville, Ga. |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| Equiant Financial Services | Week 27 of Cove II, Unit 608 BC |
| . |  |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ___%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| None |  |

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt: None

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The Debtor(s) will be the disbursing agent on the following debts: Wells Fargo Home Mortgage

(m) Special provisions: The Debtors will contribute their 2013 Federal tax return refund, if any into the plan.

　　　All creditors on secured debts are encouraged to send monthly billing statements to the Debtors at the mailing address on record with the Bankruptcy Court.

　　　The Debtor Larry Dillard pays $21.59 monthly to Farm Bureau for life insurance pursuant to his divorce decree. He has placed that information in this area since he does not believe that placing it in (i) above would not make sense. Upon discharge all property not otherwise disposed of in the plan or during the plan will revert to the Debtors.

　　　The Debtors upon making all payments due under the plan will receive the titles on all vehicles currently being held as security without any additional surcharges or additional fees accruing against the Debtors.

　　　The Debtors intend to strip the lien of the Brand Banking Co.

　　　(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

     (i) Debtors will pay all of their disposable income as shown on Form B22C of $37,239.60 monthly to the non priority unsecured creditors in order to be eligible for a discharge.

     (ii) If the Debtors filed a Chapter 7 case, the unsecured creditors would receive $3,800.00. Debtors will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge.

     (iii) The Debtors will pay $_____ to the general unsecured creditors to be distributed pro rata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

     (a) ___% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtors pays in at least 36 monthly payments to be eligible for discharge.

     (b) the debtor(s) will make payments for 57 months and anticipates a dividend of approximately 27.5 %, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the Debtor, remains property of the estate subject to the Court's jurisdiction, notwithstanding Section 1327(b), except as otherwise provided in Paragraph (m) above. Property of the estate not paid to the Trustee shall remain in the possession of the Debtors. All property in the possession and control of the Debtors shall be insured by the Debtors. The Chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the Debtors or other property affected by property in possession and control of the Debtors.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after the confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date: 01/17/2013         /s/Larry D. Dillard
     Debtor- Larry D. Dillard


     /s/Darlene Dillard
     Debtor- Darlene Dillard